[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 09-11360 & 09-14649
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 27, 2010
JOHN LEY
CLERK

Agency No. A098-397-126

EMERSON JOSE SIMONATO GONZALEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petitions for Review of a Decision of the
Board of Immigration Appeals

_____

(August 27, 2010)

Before EDMONDSON, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Emerson Jose Simonato Gonzalez, a native and citizen of Venezuela, petitions for review of the order by the Board of Immigration Appeals ("BIA") denying his motion to reopen his removal proceedings. No reversible error has been shown; we dismiss the petition in part and deny it in part.[*]

We review the denial of a motion to reopen for an abuse of discretion. Jiang v. U.S. Attorney Gen., 568 F.3d 1252, 1256 (11th Cir. 2009). The BIA has discretion to reopen proceedings "as it sees fit." Anin v. Reno, 188 F.3d 1273, 1279 (11th Cir. 1999); see also 8 C.F.R. § 1003.2(a) ("The [BIA] has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief."). Our review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner. Jiang, 568 F.3d at 1256. "Motions to reopen in removal proceedings are particularly disfavored." Id.

A party may file only one motion to reopen which "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be

---

[*]The BIA issued an order denying Gonzalez's motion to reopen in February 2009. But the BIA later vacated this order to correct a clerical error and issued a new order in August 2009. Gonzalez filed timely petitions for review of both the February and August 2009 orders; the appeals were consolidated. Our appellate jurisdiction exists only for the August 2009 order; we can grant no meaningful relief on claims about the February 2009 order because it was vacated. See Al Najjar v. Ashcroft, 273 F.3d 1330, 1336 (11th Cir. 2001) (explaining that, when events happen after the filing of an appeal that deprive the court of the ability to grant relief, the case is moot and must be dismissed). So, we dismiss the petition for review of the February 2009 order.

2

supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(A), (B). A motion to reopen must be filed no later than 90 days after the final administrative decision. 8 C.F.R. § 1003.2(c)(2). But this time limit does not apply if the motion to reopen is based on changed circumstances in the country of the movant's nationality. Id. § 1003.2(c)(3)(ii). To meet this exception, a movant must offer material evidence that "was not available and could not have been discovered or presented at the previous hearing." Id.

The BIA determined that Gonzalez's motion was untimely and that Gonzalez failed to establish that country conditions in Venezuela had changed sufficiently to warrant reopening of his removal proceedings. On appeal, Gonzalez argues that the BIA failed to consider the affidavit of his mother; and he claims that the affidavit, along with his other submitted evidence, demonstrated a prima facie case for relief.

But the new evidence submitted with Gonzalez's motion, when compared to the record before the Immigration Judge ("IJ") during Gonzalez's asylum hearing, establishes no material change in country conditions in Venezuela. Before the IJ, Gonzalez testified that he received many threats from the Bolivarian Circles because of his political activities in opposition to the regime of President Hugo Chavez and that he had four face-to-face encounters with the Bolivarian Circles,

including one where he was beaten and required medical attention. In his motion to reopen, Gonzalez opined that the Chavez regime had grown stronger after Gonzalez left the country. His mother stated in her affidavit that, after Gonzalez left Venezuela, she received telephone calls threatening Gonzalez. But this evidence simply confirms Gonzalez's circumstances from before he left Venezuela: that he sometimes was threatened by the Bolivarian Circles. It does not show that changed country conditions make it likely that he will be persecuted if he returns. And the BIA mentioned explicitly the "declarations attesting to continued verbal threats from the" Bolivarian Circles, which encompassed Gonzalez's mother's affidavit. See Jean-Pierre v. U.S. Attorney Gen., 500 F.3d 1315, 1325 (11th Cir. 2007) (explaining that, although the BIA must consider all evidence introduced by an applicant, the BIA "need not mechanically list every piece of evidence in the record on its way to rendering a decision").

Because Gonzalez's motion to reopen was untimely, and he presented no evidence establishing changed conditions in Venezuela, the BIA's denial of his motion was not arbitrary or capricious, or otherwise an abuse of discretion.

Gonzalez also argues that the BIA violated his right to due process and should have remanded his case for consideration of whether he received ineffective assistance of counsel because the BIA noted in its order that his motion to reopen

4

contained "boilerplate" language found in other applications by Venezuelans. We lack jurisdiction to consider Gonzalez's due process claim because he did not raise it before the BIA. See Amaya-Artunduaga v. U.S. Attorney Gen., 463 F.3d 1247, 1250-51 (11th Cir. 2006) (explaining that due process claims not raised before the BIA are not properly exhausted and, therefore, we lack jurisdiction to consider them). We dismiss the petition for review on this claim.

PETITION DISMISSED IN PART, DENIED IN PART.